**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ANDREW HANGO, | CASE NO. 1:19cv00606 |
| Petitioner, | JUDGE SARA LIOI |
| v. | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| SECRETARY KEVIN MCALEENAN, et al., | |
| Respondents. | **REPORT AND RECOMMENDATION** |

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation pursuant to Local Rule 72.2(b)(2). Before the Court is the Petition of Andrew Hango ("Hango" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Hango is in the custody of the Detroit Field Office of U.S. Immigration and Customs Enforcement ("ICE") at the Geauga County Safety Center pursuant to 8 U.S.C. § 1231(a)(6). (Doc. No. 1 at 9.)

Before the Court are the Motion to Dismiss for Failure to State a Claim by Respondent Kathy Rose, Geauga County Sheriff's Office (Doc. No. 14), and Motion to Dismiss Improper Respondents by Respondents Kevin McAleenan[1] and William Barr. (Doc. No. 16.) For the reasons that follow, it is

---

[1] On April 11, 2019, Kevin McAleenan became Acting Secretary of Homeland Security, succeeding Ms. Nielsen. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted for Ms. Nielsen as a party to this litigation.

recommended that Respondents' Motions be GRANTED and the claims against Respondents Kathy Rose, Kevin McAleenan, and William Barr be DISMISSED.

## I. Summary of Facts[2]

Hango, a citizen of Tanzania, arrived in the United States on a student visa in 1997. (Doc. No. 1 at 3.) He failed to maintain his student status because he did not attend school. (*Id.*) On September 1, 2001, ICE issued a Notice to Appear, charging Hango as removable from the United States under I.N.A. § 237(a)(1)(C)(i) for failure to maintain his non-immigrant status. (Doc. No. 16-2.) Hango was placed in removal proceedings, and on October 2, 2002, was granted voluntary departure with an alternate order of removal. (Doc. No. 16-3.) When Hango failed to deport voluntarily, the order of removal became effective and enforceable.[3] (*Id.*)

On March 6, 2019, ICE took Hango into custody in order to deport him, and he is currently detained by ICE at the Geauga County Safety Center. (Doc. No. 1 at 9.) On March 19, 2019, Hango filed the Petition for Writ of Habeas Corpus in this case. (*Id.*) On May 17, 2019, the government of Tanzania issued a travel document for Hango. (Doc. No. 16 at 3.) ICE has twice scheduled Hango's

---

[2] This immigration action has been contested since 2001, and thus the record is extensive. In this report and recommendation, the Court recites only the facts relevant to the motion at issue.

[3] In the time between the October 2, 2002 order and March 6, 2019, when the detention challenged in Hango's current habeas petition began, Hango attempted to reopen his immigration proceedings several times, and the government attempted to deport him multiple times. (Doc. No. 1 at 8, Doc. No. 13 at 2.) During this period, Hango was taken into custody for 21 months before being released under an order of supervision by the U.S. District Court for the Western District of Louisiana. (Doc. No. 1 at 8, *see also*, *Hango v. Att'y General*, 3:05-cv-02196, Judgment Adopting Report and Recommendation of the Magistrate Judge (W.D. La. Nov. 6, 2006).)

deportation since detaining him, but both times removal was cancelled because Hango had requests for stays of removal in connection with his Writ pending at the Supreme Court. (*Id.*)

## II. Law and Argument –

### Proper Respondent to a Writ of Habeas Corpus

The law requires that a district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003) (citing *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494 95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

The Sixth Circuit noted that, historically, "the question of who is 'the custodian,' and therefore the appropriate respondent in a habeas suit, depends primarily on who has power over the petitioner and ... on the convenience of the parties and the court." *Id.,* (citing *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998), *cert. denied*, 526 U.S. 1004, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999)). The "general rule" requires a petitioner to name "the individual having day-to-day control over the facility in which [the petitioner] is being detained" as a respondent to his habeas corpus petition. *Id.*, (citing *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000), *cert. denied*, 534 U.S. 816, 122 S.Ct. 43, 151 L.Ed.2d 15 (2001)). This is known as the "immediate custodian rule." *Id.*

The question for an alien held in a state or county prison under an agreement with ICE is whether their "immediate custodian" is the warden of the facility where the alien is detained or the ICE District Director of the district where the alien is being detained. *Id.* at 320. The Sixth Circuit addressed this issue in *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003). After considering the various ways in which other

courts handled this issue, they concluded that "although the warden of each detention facility technically has day-to-day control over alien detainees, the INS District Director for the district where a detention facility is located 'has power over' alien habeas corpus petitioners," and is the proper respondent to a habeas petition by an alien in ICE custody. *Id.* (citing *Henderson*, 157 F.3d at 122); *see also Orozco-Valenzuela v. Holder*, No. 1:14 CV 1669, 2015 WL 1530631, at *4 (N.D. Ohio Apr. 6, 2015) (Field Office Director of the Detroit Field Office of ICE is the proper respondent for a habeas petition brought by an alien in ICE custody at detention facilities in Ohio); *Khodr v. Adducci*, 697 F. Supp. 2d 774, 776 (E.D. Mich. 2010) ("The Court will follow appropriate Sixth Circuit authority and find the ICE District Director is the proper party to be sued in the habeas case here.").

Here, Hango has named four respondents to his habeas petition in their official capacities: the Secretary of the Department of Homeland Security; the United States Attorney General;[4] the Field Office Director of the ICE Detroit Field Office; and the Warden of the Geauga County Safety Center, in which he is being held. Although Lieutenant Kathy Rose brought her Motion to Dismiss under Rule 12(b)(6) while Secretary of the Department of Homeland Security Kevin McAleeman and United States Attorney General William Barr brought theirs under Fed. R. Civ. P. 21, they all rely on the same argument: that they are not "immediate custodians" of Hango, and therefore should not be named as respondents to his habeas petition.

---

[4] The Sixth Circuit explained that "generally the Attorney General is considered neither the custodian of a detained alien for purposes of § 2243 nor a proper respondent to an alien's habeas corpus petition." *Roman v. Ashcroft,* 340 F.3d 314, 323 (6th Cir. 2003).

Under the Sixth Circuit's analysis in *Roman v. Ashcroft*, it is clear that only the Field Director of the ICE Detroit Field Office is the proper respondent for this habeas petition, and that person is named as a respondent in this action. Therefore, this Court recommends that the motions to dismiss made by Secretary of the Department of Homeland Security Kevin McAleeman, United States Attorney General William Barr, and Lieutenant Kathy Rose, Geauga County Sheriff's Office[5], be GRANTED. Hango's petition for a writ of habeas corpus may proceed against the proper respondent, Rebecca Adducci, Field Office Director of the ICE Detroit Field Office.

### III. Conclusion

For the reasons set forth above, this Court recommends that the Motion to Dismiss Improper Respondents, made by Secretary of the Department of Homeland Security Kevin McAleeman and United States Attorney General William Barr (Doc. No. 16); and the Motion to Dismiss for Failure to State a Claim made by Lieutenant Kathy Rose, Geauga County Sheriff's Office (Doc. No. 14), be GRANTED.

                                                   *s/ Jonathan D. Greenberg*
                                                   Jonathan D. Greenberg
                                                   United States Magistrate Judge

Date: November 13, 2019

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**

---

[5] In her Motion to Dismiss, Lieutenant Kathy Rose identifies herself as the person "identified by Respondent as the Warden" of the Geauga County Safety Center. (Doc. No. 14 at 1.)