# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW HANGO, | ) | CASE NO. 1:19-CV-606 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| SECRETARY KEVIN MCALEENAN, et al., | ) | |
| | ) | |
| RESPONDENTS. | ) | |

Before the Court is the interim Report and Recommendation of Magistrate Judge Jonathan D. Greenberg (Doc. No. 27 ["R&R"]) recommending that the motions to dismiss filed by respondents Kathy Rose (Doc. No. 14 ["Rose MTD"]) and Kevin McAleenan and William Barr (Doc. No. 16 ["McAleenan/Barr MTD"]) be granted. *Pro se* petitioner Andrew Hango ("Hango") filed objections to the R&R. (Doc. No. 28 ["Obj."].)

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a de novo determination of the magistrate judge's R&R. For the reasons stated below, the Court overrules Hango's objections, accepts the interim R&R in its entirety, and grants the motions to dismiss.

Hango does not challenge the summary of facts presented in the interim R&R, which the Court accepts as if rewritten herein. Accordingly, for purposes of framing the present objections, it is sufficient to note that Hango, a citizen of Tanzania, was taken into custody on March 6, 2019 by the United States Bureau of Immigration and Customs Enforcement ("ICE") for

purposes of deportation. He is currently detained by ICE at the Geauga County Safety Center pending removal.[1]

On March 19, 2019, Hango filed the present habeas petition, pursuant to 28 U.S.C. § 2241. (Doc. No. 1 ["Pet."].) In his petition, he maintains that he has been taken into custody by ICE without any cause or due process. (Pet. at 1.) Specifically, he claims that his present detention is unlawful because he was previously released from detention on a valid order of supervision in 2006. (*Id*. at 1–2, 9.) He identified the following individuals as respondents in this action: the United States Attorney General; the Director of the United States Department of Homeland Security; the ICE Field Director of the Detroit Field Office; and the Warden of the Geauga County Safety Center.[2] All respondents except ICE Field Office Director Rebecca Adducci have sought dismissal on the grounds that they are not proper parties to this action.

In the interim R&R, the magistrate judge recommended that the Court grant the motions to dismiss. The magistrate judge relied on the decision in *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003), wherein the Sixth Circuit, applying the immediate custodian rule, held that the district director of the Immigration and Naturalization Service ("INS") is the proper respondent in a habeas petition brought by an alien.[3] (*See* R&R at 182.) Applying this precedent, the magistrate judge concluded that the action should proceed solely against ICE Field Office Director Rebecca Adducci. (*Id*.)

---

[1] On May 17, 2019, the government of Tanzania issued a travel document for Hango. (Doc. No. 16 at 78 (all page numbers refer to the page identification number generated by the Court's electronic docketing system).) On two separate occasions, ICE scheduled Hango's deportation, but each time the removal was cancelled because Hango requested stays of removal in connection with his Writ pending before the Supreme Court. (*Id*.)

[2] William Barr is the United States Attorney General. Kevin McAleenan became the Acting Secretary of Homeland Security on April 11, 2019. Rebecca Adducci is the Field Office Director of the ICE Detroit Field Office, which has responsibility over the administration of immigration and removal determinations in this judicial district. Lieutenant Kathy Rose was identified in the petition as the Warden of the Geauga County Safety Center.

While acknowledging the Sixth Circuit's ruling in *Roman*, Hango insists that *Roman* is distinguishable because he is challenging his continued detainment and not the underlying removal proceeding. Citing *Rumsfeld v. Padilla*, 542 U.S. 426, 536, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004), Hango argues that his action is a "core challenge" to his "present physical confinement." (Obj. at 184.) He also cites decisions outside the Sixth Circuit that have held that the proper respondent for such a challenge is the warden of the facility housing the prisoner. (*Id*. at 184–85 (citing cases).) In *Padilla*, the Supreme Court held that the proper respondent for habeas challenges to present physical confinement is the warden of the facility where the petitioner is being held, as opposed to the Attorney General or some other executive supervisory official. *Padilla*, 542 U.S. at 435–36. But, in so ruling, the Supreme Court "expressly cabined its holding and did not resolve the question of who would be the proper respondent in a habeas petition filed by 'an alien detained pending deportation.'" *Khodr v. Adduci*, 697 F. Supp. 2d 774, 776 (E.D. Mich. 2010) (quoting *Padilla*, 542 U.S. at 435 n.8); *see Kholyavskiy v. Achim*, 443 F.3d 946, 952 n.7 (7th Cir. 2006) (noting that "[t]he Supreme Court [in *Padilla*] expressly reserved the question of whether the immediate custody rule applies in the context of immigration habeas petitions").

Given that the Supreme Court has declined to reach the issue as it relates to aliens (like Hango) who have been detained pending removal, the Court is bound by Sixth Circuit precedent. Since 2004, district courts within the Sixth Circuit have continued to rely on *Roman* to find that the ICE field director is the appropriate respondent for a habeas petition challenging *detention* pending deportation. *See, e.g., Orozco-Valenzuela v. Holder*, No. 1:14 CV 1669, 2015 WL

---

[3] The INS has been abolished and its immigration enforcement function transferred to ICE.

1530631, at *4 (N.D. Ohio Apr. 6, 2015) (holding ICE Field Office Director Rebecca Adducci was the proper party in § 2241 habeas action of alien challenging his detention, without a bond hearing, pending removal); *Rosario v. Prindle*, No. 11-217-WOB-CJS, 2011 WL 6942560, at *2 (E.D. Ky. Nov. 28, 2011) (finding ICE field director proper respondent in habeas petition challenging continued detention pending reconsideration of denial of removal appeal); *Khodr*, 697 F. Supp. 2d at 776 (applying *Roman* and finding that the ICE district director was the proper party to be sued in habeas action challenging continued detention, without bond hearing, of deportable alien).

The Court agrees with the magistrate judge that the only proper respondent in this case is the Field Director of the ICE Detroit Field Office. The Court, therefore, OVERRULES Hango's objections, ACCEPTS the interim R&R, and GRANTS the motions to dismiss of Kathy Rose, William Barr, and Kevin McAleenan. This case shall proceed against Rebecca Adducci.

**IT IS SO ORDERED**.

Dated: December 9, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**