# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW HANGO, | ) | CASE NO. 1:19CV606 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| REBECCA ADDUCCI, Field Director of the ICE Detroit Field Office, | ) ) | |
| | ) | |
| RESPONDENT. | ) | |

Now before the Court is a motion by petitioner Andrew Hango ("Hango") for reconsideration of the Court's order adopting the interim Report and Recommendation ("R&R") of the magistrate judge. (Doc. No. 31 ["Rule 59(e) Mot."].) For the reasons that follow, the motion for reconsideration is DENIED.

**LAW AND DISCUSSION**

In this habeas action, brought pursuant to 28 U.S.C. § 2241, Hango, a citizen of Tanzania, challenges his detention pending deportation. On November 13, 2019, the magistrate judge issued an interim R&R wherein he recommended that the Court find that respondent Rebecca Adducci, the Field Director of the U.S. Immigration and Customs Enforcement ("ICE") Detroit Field Office, was the only proper respondent, and that the remaining respondents—Kevin McAleenan ("McAleenan"), Acting Secretary of Homeland Security; William Barr ("Barr"), United States Attorney General; and Kathy Rose ("Rose"), the Warden of the Geauga County Safety Center—be dismissed from this action. (Doc. No. 27 (R&R).) Hango filed objections to the interim R&R. (Doc. No. 28 ["Obj."].) On December 9, 2019, the Court overruled Hango's objections, adopted the interim R&R, and dismissed respondents Barr, McAleenan, and Rose. (Doc. No. 29 (Memorandum

Opinion and Order ["MOO"]).)

On December 27, 2019, Hango filed the present motion for reconsideration under Fed. R. Civ. P. 59(e). The Federal Rules of Civil Procedure do not expressly provide for reconsideration of a court's decisions and orders; however, a motion to reconsider may be treated as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617–18 (6th Cir. 2002). A Rule 59(e) motion is designed only to "correct manifest errors of law or fact or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). It is not a vehicle to reargue the case, or present arguments that could have and should have been raised in connection with an earlier motion. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). That is, Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided. *See Dana Corp. v. United States*, 746 F. Supp. 482, 488–89 (N.D. Ohio 1991).

Rule 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007)). Accordingly, a Rule 59(e) motion to alter or amend may only be made for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *See Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015); *see, e.g., Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The proponent of the Rule 59(e) motion bears the burden of proof, and the decision to grant relief under the rule is within the sound discretion of the court. *See Engler*, 146 F.3d at 374 (citing *Keweenaw Bay Indian Community v. United States*, 136 F.3d 469, 474 (6th Cir. 1998)).

Hango's motion for reconsideration is nothing more than an attempt to reargue the narrow issue addressed in the interim R&R and the Court's ruling that the only proper party respondent in

this matter is the director of the local ICE field office. In his motion, Hango merely repeats the arguments he made in objection to the interim R&R, citing, once again, the case law he believes supports his position.[1] "A party seeking reconsideration must show more than disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database Am. v. Bellsouth Advertising & Publishing*, 825 F. Supp. 1216, 1219–20 (D.N.J. 1993). A motion for reconsideration, as stated above, is to be used to correct errors of law, or fact, or to present newly discovered evidence. Hango has failed to provide any basis for this Court to reconsider its December 27, 2019 order, and, accordingly, the motion for reconsideration is DENIED.[2]

**IT IS SO ORDERED**.

Dated: March 30, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[1] In particular, Hango complains that the Court failed to reference the unreported decision authored by another district court judge in the Northern District of Ohio Hango relied upon in his objections. As the Court explained, however, the Court is bound by Sixth Circuit precedent finding that the ICE field director is the appropriate respondent for an alien's habeas petition brought under 28 U.S.C. § 2241. (MOO at 195, citing *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003)).

[2] In his motion, Hango observes that the Court's decision "was rendered in Akron Ohio," even though the action was filed in Cleveland, Ohio and all other orders have been issued from Cleveland. (Rule 59(e) Mot. at 204.) He suspects that this might have been done to remove respondent Rose from the action. Hango is mistaken. For Hango's edification, the Northern District of Ohio has locations in Cleveland, Akron, Toledo, and Youngstown. This case was randomly assigned to the undersigned, who maintains a chambers and courtroom in Akron, Ohio. The randomly assigned magistrate judge maintains a chambers and courtroom in Cleveland, Ohio.